STATE OF NEW JERSEY v. MICHAEL CORTESE.

Decided July 26, 1926.

**Crimes—Concealed Weapons—Defendant Relied Upon a Permit Which He Claimed was in Force—Permit was Issued Under Act of 1922 Requiring Recording in County Clerk's Office to Make it Valid After Ten Days—No Proof of Such Recording Presented—Judgment Affirmed.**

On error to the Essex Special Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the plaintiff in error, *Harold Simandl.*

For the state, *John O. Bigelow,* prosecutor of the pleas.

PER CURIAM.

The defendant was convicted upon an indictment charging him with carrying a pistol concealed upon his person, in violation of the statute of 1924. The only ground upon which that conviction is sought to be reversed is that the proofs conclusively showed that the defendant had not violated the statute in question, but that, on the contrary, he had at the time of his arrest a valid permit to carry a pistol, which was then in force. He produced in evidence at the trial in support of this contention a permit which was undated, but which, as he testified, was issued to him on February 11th, 1924, pursuant to the authority conferred by the statute of 1922, and which was signed by the mayor of the city of Newark, and he asserts that this permit was not only valid at the time it was issued, but that it remained valid during the continuance of the time specified therein (which had not expired at the time of his arrest), notwithstanding the enactment of the statute of 1924.

I may be conceded that, if the permit was valid when issued, it was not rendered void by the later statute. Its validity, however, was not made to appear by the proofs. The act of 1922, under which it purports to have been granted, provides that a permit issued thereunder shall become void at the expiration of ten days after its issuance unless during that period it is recorded in the office of the county clerk. At the foot of the permit, upon which the plaintiff in error relies, and which was offered in evidence by him, appears the following: "To be recorded in the county clerk's office within ten days after granting; otherwise, it is of no effect." This has the name of John G. Scott, county clerk, appended to it. Assuming the signature to this statement to be genuine, the statement itself is a mere notification to the holder of the permit as to what he must do in order to have it continue to be valid at the expiration of ten days after its issuance. It does not purport to certify that the permit was recorded in the office of the county clerk within ten days after its granting, or at any other time. The obligation rested upon the defendant, in the absence of any certificate showing the record of the permit by the county clerk, to prove the fact of such record by other evidence; for the permit became void under the statute at the expiration of ten days after its issuance unless the condition of the statute (i. e., that it be recorded within that period) was complied with by him, and such compliance could not be presumed in the absence of proof upon this point.

The judgment under review will be affirmed.